| STATE OF INDIANA | SS: | IN THE MIAMI COUNTY CIRCUIT COURT |
|---|---|---|
| COUNTY OF MIAMI | | CAUSE NO. 52C01-2308-CT-000769 |

| | |
|---|---|
| **Judy Shultz**, as the Personal Representative of the Estate of Milton Fonzo "Bud" Shultz, Deceased, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Schneider Electric USA, Inc.** f/k/a **Square D**,<br><br>Schneider. | **Class Action Complaint and Jury Trial Demand** |

Pursuant to the Indiana Uniform Declaratory Judgment Act, Ind. Code §§ 34-14-1, *et seq.*, Plaintiff Judy Shultz, as Personal Representative of the Estate of Milton Fonzo "Bud" Shultz, Deceased, brings this case individually and on behalf of all other people similarly situated to obtain (1) declaratory relief, and (2) damages. In support, Plaintiff[1] states:

## Introduction

1. This case challenges the constitutionality of I.C. § 22-3-7-9(f) as applied to latent diseases caused by chlorinated solvents such as trichloroethylene ("TCE").

---

[1] Throughout the Complaint "Plaintiff" is used to refer to the Estate, Judy as Personal Representative of the Estate, and Bud.

2. To the extent that I.C. § 22-3-7-9(f) time-bars workers with these types of latent diseases, the statute violates both: (1) Article 1, Section 12 of the Indiana Constitution by denying these injured workers due course of law and open access to the courts, and (2) Article 1, Section 23 of the Indiana Constitution by treating workers injured by this type of exposure differently than those affected by other diseases with slow onsets, such as those suffering from latent diseases as a result of inhaling asbestos dust, silica dust, and coal dust.

3. Plaintiff requests a declaration that the statute violates the Indiana Constitution as applied to Plaintiff and the Class Members. *See* I.C. § 34-14-1-2.

4. This case further seeks redress from the Schneider Electric USA, Inc. f/k/a Square D (hereinafter "Schneider") for damages suffered by Plaintiff and the class as a result of Schneider's wrongful practice of exposing workers to toxic and hazardous waste, which was a by-product of Schneider's processing, casting, production, and degreasing operations in Peru, Indiana, and/or their failure to identify, remove and/or properly protect Plaintiff and Class Members from contamination and toxic substances related to such operations from Plaintiffs' persons.

**Parties**

5. Plaintiff Judy Shultz is the Personal Representative of her husband, Milton "Bud" Fonzo Shultz's estate. At all times relevant, Plaintiff has resided in Miami County, Indiana.

6. Schneider is a Delaware corporation registered to do business in the State of Indiana, with its principal place of business in Foxboro, Massachusetts.

Schneider can be served with process by serving its registered agent, Corporation Service Company, at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Schneider Electric USA, Inc. is a wholly owned subsidiary of Schneider Electric SE.

7. Schneider has owned the site located at 252 N. Tippecanoe Street, Peru, Indiana (hereinafter "The Site") since acquiring and assuming control of Square D. Square D produced electronic components from 1920 to 2020.

8. During this period, from these operations, hazardous and toxic substances, including TCE and PCE, were routinely used by workers to produce Schneider's goods.

9. Schneider closed the plant in 2020, laying off the remaining local workers. They subsequently relocated their facilities out-of-state.

**Factual Allegations**

10. Plaintiff and the Class Members were routinely exposed to toxic and hazardous substances released because of Schneider's conduct associated with their ownership and operations located at 252 N. Tippecanoe Street in the town of Peru, Miami County, Indiana ("the Site").

11. Schneider processed, handled, stored, generated, emitted, released, discharged, disposed of and failed to protect workers from large quantities of toxic and hazardous chlorinated solvents and other volatile organic compounds including, but not limited to, Trichloroethene ("TCE"), Tetrachloroethylene, 1,1-Dichloroethene, cis-1,2-Dichloroethene, trans-1,2-Dichloroethene, vinyl chloride, Benzene, Ethylbenzene,

Naphthalene, Chloroform, Arsenic, and Cadmium (hereinafter "Hazardous Materials"). The Hazardous Materials include multiple substances that are known human carcinogens.

12.     These toxic and hazardous materials were routinely used in Schneider's operation. Numerous workers were exposed to these Hazardous Materials, but only developed medical ailments years later due to the latent nature of the diseases that are caused by these Hazardous Materials.

13.     Prior to this time, Schneider had knowledge of the harm posed by the Hazardous Materials, as well as their own mishandling, storage, and improper disposal of the Hazardous Materials, including disposal directly onto the soil and into the storm drains from Schneider's activities at the Site. Schneider knew that the materials were toxic and harmful.

14.     In 1985, the Indiana State Board of Health cited Schneider for storing hazardous waste for more than ninety (90) days; for not properly closing hazardous waste containers during accumulation; for storing ignitable hazardous waste less than fifty (50) feet from the Site's property line; for not properly labeling the start of the accumulation period; for not properly marking the waste as hazardous; and for not having proper training and documentation relating to their internal hazardous waste management process.

15.     Furthermore, the Site assessment in December of 1986 found that all current site contaminants were being dumped untreated directly into the Peru city drainage system.

4

16. Despite knowledge of these citations and assessments, Schneider notified the Plaintiff and the workers for the first time in or around 2022—*after* Schneider had submitted their Voluntary Remediation Program ("VRP") application to the Indiana Department of Environmental Management ("IDEM"). This is over 40 years from the time that Schneider first learned of their improper handling, and even the threat of off-site exposure. Thus, Schneider knowingly hid the ultrahazardous conditions caused by the Hazardous Materials that have proved harmful to Bud and the Class Members.

17. Prior to this time, Plaintiff and Class Members were unaware, and had no basis to be aware of, the existence of the danger posed by the Hazardous Materials.

18. As a result of Schneider's use of the Hazardous Materials, Plaintiff and Class Members have suffered and will continue to suffer serious injury.

19. Because Schneider knowingly concealed the dangers associated with and attendant to their conduct, Plaintiff and Class Members did not know, nor could they have known, of the presence, nature, and extent of harm posed by the Hazardous Materials.

20. Schneider's concealment of these dangers continues to this day. Schneider has actively conspired and engaged in a campaign of concealment and misinformation concerning the nature and extent of the hazard posed by the Hazardous Materials and failed to timely warn the workers concerning the same, such that reasonable members of the Schneider workforce were unaware of the presence, nature, and extent of harm posed by Schneider's Hazardous Materials until early 2023.

21. As a result of the actions of Schneider, Hazardous Material have entered the persons of the Plaintiff and Class Members.

22. As a result of Schneider's actions, toxic and hazardous substances entered their person, thereby causing those not already afflicted to suffer an increased risk of serious future illness.

23. The factual record in this case demonstrates that Schneider knew of the dangers associated with the Site Contaminants and the potential impact on Plaintiff and the Members of the proposed Classes.

24. Schneider intentionally and/or negligently concealed and failed to disclose, and continue to conceal and fail to disclose, to Plaintiff, Class Members and/or public agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiff and Class Members to these toxic and hazardous substances.

25. Plaintiff and the Class Members have each been exposed to Hazardous Materials due to Schneider's negligence in handling, containing, identifying, storing, use, disposal, and/or failure to properly protect works from said hazardous substances.

26. As a proximate result of the exposure to these Hazardous Materials, Plaintiff and Class Members have contracted serious latent diseases, including, without limitation, neurotoxicity, and various forms of cancer.

27. Plaintiffs and the Class Members first seek a declaratory judgement that I.C. § 22-3-7-9(f) is unconstitutional as applied, when Schneider intentionally

downplayed, concealed, and misinformed Plaintiffs, Class Members, and the public of the severity of the exposure and associated harms for 40 years.

28. Plaintiffs and the Class Members next seek redress and damages for: compensatory damages relating to the harm suffered by their exposure, punitive damages, and other damages as the result of the carelessness, recklessness, negligence, and willful and wanton violation of reasonable care by Schneider.

## Class Action Allegations

29. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

30. This Class Action is being filed by the Plaintiff, pursuant to Indiana Rule of Trial Procedure 23, on behalf of itself and others similarly situated.

31. Plaintiff seeks to certify the following classes, defined as:

> **Declaratory Judgment Class**: Former employees of Schneider in Peru, Indiana exposed to Hazardous Materials and barred from recovery under Indiana Code Section 22-3-7-9(f).
>
> **Damages Class:** Former employees of Schneider in Peru, Indiana exposed to exposure to these Hazardous Materials.

32. To the extent that discovery and further investigation may reveal additional information, there may be additional appropriate classes and/or subclasses from the above class definition which is broader and/or narrower in time or scope.

33. This Court may maintain these claims as a Class Action pursuant to Indiana Rule of Trial Procedure 23.

34. Numerosity – Ind. R. Trial P. 23(A)(1): The members of each Class are so numerous that joinder of all members is impracticable.

35. Upon information and belief, the number of persons in the Classes who have been exposed to hazardous substances exceeds forty in satisfaction of Rule 23(A)(1).

36. Commonality – Ind. R. Trial P. 23(A)(2): There are common questions of law that affect the rights of every member of the Declaratory Judgment Class, and the relief sought is common to every member of the Class. The same conduct by Schneider has injured or will injure every member of the Class.

37. There are common questions of law and fact that affect the rights of every member of the Damages Class, and the types of relief sought are common to every member of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in satisfaction of Ind. R. Trial P. 23(A)(2). The same conduct by Schneider has injured each respective Class Member.

38. Common questions of law and/or fact common to the respective Classes include, but are not limited to:

   a. Constitutional question - Whether Indiana Code Section 22-3-7-9(f) is constitutional as applied when Schneider downplayed, concealed, and misled the Plaintiff and Class Members of the dangers these Hazardous Materials posed;
   b. Whether Schneider, through their acts or omissions, proximately caused Hazardous Materials to enter Plaintiff and Class Member's persons;
   c. Whether Schneider was negligent in their handling, storing, transporting, use, release, discharge, emission, disposal and/or failure to

        properly investigate, and protect workers from these Hazardous Materials.

    d. Whether Schneider violated applicable safety standards concerning handling, storing, transporting, use, release, discharge, emission, disposal and/or employee safety when handling Hazardous Materials.

39. These questions of law and/or fact are common to the respective Classes and predominate over any questions affecting only individual class members.

40. Typicality – Ind. R. Trial P. 23(A)(3): The claims of Plaintiff are typical of the claims of the respective Classes as required by Rule 23(a)(3), in that all claims are based upon the same factual and legal theories. It is the same conduct by Schneider that has injured each member of the respective Classes. The principal issue in this matter involves Schneider's conduct in wrongfully handling, storing, transporting, using, releasing, discharging, emitting, disposing and failing to protect workers from Hazardous Materials related to their operations in Peru which impacts all members of the respective Classes.

41. Adequacy – Ind. R. Trial P. 23(A)(4): Plaintiff will fairly and adequately represent and protect the interests of the respective Classes, as required by Rule 23(A)(4). Plaintiff has retained counsel with substantial experience in the prosecution of class actions and worker's compensation litigation. Plaintiffs and their counsel are committed to the vigorous prosecution of this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor counsel has any interest adverse to those of the Classes.

42. Class certification is appropriate pursuant to Ind. R. Trial P. 23(B)(1) because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Schneider and/or because adjudications respecting individual members of the Classes would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impending their ability to prosecute their interests.

43. Class certification is appropriate pursuant to Ind. R. Trial P. 23(B)(2) because Schneider has acted or refused to act on grounds applicable to all Members of the respective Classes, thereby making relief in the form of a corresponding declaratory judgement necessary.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Ind. R. Trial P. 23 (B)(3). Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and will have no effective remedy at law. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

45. Class certification is also appropriate because this Court can designate claims or issues for class-wide treatment and may designate one or more subclasses pursuant to Ind. R. Trial P. 23(C)(4).

46. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of each putative class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all putative class members.

47. No unusual difficulties are likely to be encountered in the management of this action as a class action.

48. Plaintiff and the members of the Classes were not in any way responsible for the implementation and utilization of these Hazardous Materials.

## CAUSES OF ACTION

### COUNT I: Declaratory Judgment determining Indiana Code Section 22-3-7-9(f) Violates Article 1, Section 12, and Article 1, Section 23 of the Indiana Constitution as Applied

49. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

50. Article 1, Section 12 of the Indiana Constitution states, "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay." Ind. Const. Art. 1, § 12.

51. I.C. § 22-3-7-9(f) requires that all claims related to occupational exposure, aside from those otherwise carved-out, be brought within two years from the last date of exposure.

52. The same statute provides exceptions for a small number of latent diseases that have been demonstrated to only affect those exposed at a date greater than two years from the last day of the last exposure. IC § 22-3-7-9(f)(1)–(5).

53. Plaintiff and Class Members will be deprived of their constitutional right to seek remedy for injury done to their person by enforcing I.C. 22-3-7-9(f) as applied.

54. Should I.C. § 22-3-7-9(f) be permitted to stand as applied, Schneider, and others similarly situated, will, at best, have no incentive to act in the best interest of workers. At worst, they will be encouraged to conceal knowledge of risk of harm from toxic exposure until this statute allows them to become judgement-proof.

55. Article 1, Section 23 of the Indiana Constitution states the "General Assembly shall not grant any citizen, or any class of citizens, privileges or immunities, which upon the same terms, shall not equally belong to all citizens." Ind. Const. Art. 1, § 23.

56. I.C. § 22-3-7-9(f)(1)–(5) creates privileges for some citizens affected by exposure to some slow-progressing latent disease-causing substances that do not equally belong to all citizens affected by exposure to other slow-progressing latent disease-causing substances.

57. Plaintiff and Class Members will be deprived of the privilege to seek remedy for injury done to his person under I.C. 22-3-7-9(f) in violation of Article 1, Section 23 of the Indiana Constitution.

**WHEREFORE**, Plaintiff demands declaratory judgment that I.C. 22-3-7-9(f) is unconstitutional as applied Plaintiff and the Class Members.

## COUNT II: Negligence

58. Schneider owed a duty to use reasonable and ordinary care in: (a) conducting their operations in a proper and safe manner, and (b) training and supervising their employees regarding the proper handling and disposal of Hazardous Materials.

59. Schneider failed to exercise their duty of care by: (a) failing to conduct their operations in a proper and safe manner, (b) failing to handle and ultimately dispose of their toxic waste in a proper and safe manner, and (c) failing to adequately train and supervise their employees regarding the proper handling and disposal of these Hazardous Materials.

60. Schneider's acts and omissions, as set forth herein, directly, and proximately caused Plaintiff and the Class Members significant and continuing injuries and damages, including actualized medical ailments, as well as suffering enhanced risk of future personal injury and serious latent illness; annoyance, anxiety, discomfort, and inconvenience; and other monetary damages.

61. At all relevant times, Schneider failed to identify, and safely and properly protect their workers from these Hazardous Materials and failed to advise

or warn Plaintiff and the Class Members of the dangers of handling these substances, as well as the dangers emanating from the discharge of hazardous and toxic substances into the workplace. Schneider failed to use reasonable care to safeguard those in the respective Class from injury. In addition, Schneider knowingly hid the ultrahazardous condition of the Hazardous Materials that have proven harmful to Plaintiff and the Class Members.

62. Schneider is liable to Plaintiff and the Class members for their acts and/or omissions.

63. Alternatively, separate and apart from acting negligently by merely failing to exercise their duty of ordinary care, Schneider is also liable for gross negligence because they breached their duty of care by engaging in conscious, voluntary acts or omissions in reckless disregard of the consequences to the Plaintiff and Class Members.

64. Schneider's gross negligence, as set forth herein, directly, and proximately caused Plaintiff and the Class Members significant and continuing injuries and damages, including actualized medical ailments, as well as suffering enhanced risk of future personal injury and serious latent illness; annoyance, anxiety, discomfort, and inconvenience; and other monetary damages.

65. Schneider, despite their knowledge of the serious health and environmental effects associated with exposure to the Hazardous Materials, individually and together, released, discharged, stored, handled, processed, disposed, emitted, and failed to properly investigate and remediate said materials from the work

14

environment, while failing to warn their workforce of the dangers of such Hazardous Materials.

66.     Schneider, despite their knowledge of the serious health and environmental effects associated with exposure to the Hazardous Materials, and despite orders from health and environmental regulators, masked the true extent of harm posed by exposure to these Hazardous Materials, thereby enabling the Schneider to avoid taking all appropriate steps to properly remedy the injury done to Plaintiff and Class Members.

**Prayer for Relief**

**WHEREFORE**, Plaintiff and the Members of the Classes hereby request that the Court enter an order or judgment against Schneider as follows:

(1) Enter an Order pursuant to Indiana Rules of Trial Procedure 23 permitting this action to be maintained as a class action, appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as counsel for the Classes;

(2) Enter judgment in favor of Plaintiff and Class Members against Schneider for costs incurred in diagnosis and treatment, and for all other relief, in an amount to be proven at trial, as to which they may be entitled, including interest, expert fees and costs of this suit;

(3) Award prejudgment and post-judgment interest as provided by law;

(4) Award punitive damages; and

(5) Such other relief as this Court deems necessary, just and proper.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
WILLIAMS LAW GROUP, LLC
1101 N. Delaware St., Suite 200
Indianapolis, IN  46202
(317) 633-5270 / Fax:  (317) 426-3348
joe@williamsgroup.law

Robert W. Johnson (#17391-49)
Travis N. Jensen (#22409-49)
Janet M. Wallace (#34640-49)
JOHNSON JENSEN LLP
1101 N. Delaware St., Suite 100
Indianapolis, Ind. 46202
Indianapolis, IN 46204
(317) 269-7799 / Fax:  (317) 269-7784
rjohnson@johnsonjensen.com
tjensen@johnsonjensen.com
jwallace@johnsonjensen.com

*Counsel for Plaintiff*

## Jury Trial Demanded

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff requests a trial by jury on all claims and issues so triable.

/s/ Joseph N. Williams<br>
Joseph N. Williams<br>
*Counsel for Plaintiff*