UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUDY SHULTZ, as the Personal Representative of the estate of Fonzo "Bud" Shultz, Deceased, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SCHNEIDER ELECTRIC USA, INC. f/k/a SQUARE D,<br><br>     Defendant. | CAUSE NO. 3:23-CV-846 DRL-MGG |

OPINION AND ORDER

Judy Shultz, the personal representative of Fonzo Shultz's estate, sued Schneider Electric USA, Inc. (formerly known as Square D) in state court. The company removed under diversity jurisdiction. Ms. Shultz requests remand. She says the case was improperly removed because 28 U.S.C. § 1445(c) prohibits removal of a case arising under a state worker's compensation law. The court grants a remand.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The court interprets "arising under" in this statute parallel to "arising under" in 28 U.S.C. § 1331. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013). "Linguistic consistency" compels interpreting "arising under" in jurisdictional statutes similarly, *id.*, not least when § 1331's meaning prevailed when § 1445 was enacted in 1958, *see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 203 (6th Cir. 2004); *see also Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771, 772 (5th Cir. 1995); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245-46 (8th Cir. 1995).

For § 1331, a case can arise under federal law in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257. "But even [when] a claim finds its origins in state rather than federal law," the court will have federal question

jurisdiction over a state law claim when the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 258; *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Whereas § 1331 effectuates a federal venue, § 1445(c) forecloses one. Its purpose is to reduce the burden of diversity jurisdiction cases on federal court dockets and to foster the expedited procedures in state worker's compensation claims. *See Spearman v. Exxon Coal USA*, 16 F.3d 722, 724 (7th Cir. 1994); *Lingle v. Norge Div. of Magic Chef*, 823 F.2d 1031, 1038 (7th Cir. 1987), *rev'd on other grounds*, 486 U.S. 399 (1988). "Instead of giving employers ready access to federal court, Congress enacted § 1445(c) to allow injured workers unfettered choice of forum." *Ceres Terminals v. Indus. Comm'n*, 53 F.3d 183, 186 (7th Cir. 1995). Translating the definition of "arising under" to § 1445(c), the court must decide whether an Indiana worker's compensation law creates today's claim, or whether this suit necessarily raises a substantial question about a worker's compensation law. Under either scenario, the court must remand.

Perhaps for strategic preservation Ms. Shultz foregoes the first scenario. She advances two claims in this suit—a negligence claim for personal injuries and a declaratory judgment action that challenges the constitutionality of the two-year limitations period (really a statute of repose) in the Occupational Diseases Act, a subset of Indiana's worker's compensation scheme. *See* Ind. Code § 22-3-7-9(f); *Roberts v. ACandS, Inc.*, 806 N.E.2d 1, 3 (Ind. Ct. App. 2004). She says this time bar violates the Indiana Constitution by denying workers injured by chlorinated solvents the opportunity to sue because their diseases will be latent in nature and not readily commencible within two years of their last exposure.

Ms. Shultz offers no argument that her negligence claim actually arises under the Indiana worker's compensation scheme, rather than common law, because this scheme affords the exclusive remedy against employers for accidents arising out of and in the course of a worker's employment—in short, that her claim against Schneider is really a no-fault worker's compensation claim rather than a fault-based

negligence claim. *See O'Keefe v. Top Notch Farms*, 79 N.E.3d 1000, 1003 (Ind. Ct. App. 2017). Of course, § 1445(c)'s prohibition can be waived by Ms. Shultz—it has no bearing on the court's subject matter jurisdiction—so the court need not wrestle Schneider's argument under the first scenario to ground. *See Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs.*, 622 F. Appx. 383, 386 (5th Cir. 2015); *see also Monroe v. Mo. Pac. R.R.*, 115 F.3d 514, 520 (7th Cir. 1997) (Fairchild, J., dissenting).

The battlelines are instead drawn over the second scenario—whether this suit necessarily raises a disputed and substantial question about an Indiana worker's compensation law. It does. That a claim depends on a worker's compensation law may not mean it arises under that law, "unless the suit presents a dispute about the validity, construction, or effect of the law." *Spearman*, 16 F.3d at 725-26. Ms. Shultz constitutionally challenges the validity of a worker's compensation law—Indiana's statute of repose within the worker's compensation scheme. Even if more atypical than the usual worker's compensation claim, this suit arises under Indiana's worker's compensation system within § 1445(c)'s meaning.

Schneider focuses solely on the "meaning" of a worker's compensation law as the litmus test for barring removal under § 1445(c) and characterizes *Spearman*'s reference to "validity" as a "stray reference" that contradicts *Grable*. Schneider says this suit has nothing to do with the statute of repose's meaning. This invitation to ignore a plain-spoken standard goes too far, not least when it asks the court to disregard not just *Spearman*, 16 F.3d at 725-26, but *Gunn*, 568 U.S. at 261 (claim arises under a law when the decision depends on its "constitutional validity") (discussing *Smith*), and *Grable*, 545 U.S. at 313 (repeating "validity, construction or effect")—indeed, an understanding of "arising under" that has existed since at least 1912, *see id.*; *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912); *see, e.g., Hardinge, Inc. v. Emerson Transmission Power Co.*, 2010 U.S. Dist. LEXIS 43230, 13-14 (N.D. Ind. May 2, 2010) (dispute over a lien created by Indiana's worker's compensation scheme required inquiry into the law's "validity, construction, or effect" such as to render case non-removable). The court remands.

Ms. Shultz asks for attorney fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court may award attorney fees under § 1447(c) when the removing party lacked an "objectively reasonable" basis for its removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). The court should award fees when clearly established law forecloses removal, and not award fees when it was not clearly foreclosed by existing law at the time of removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Fees "may be awarded when removal is clearly improper, but not necessarily frivolous." *Jackson Cnty. Bank v. Dusablon*, 915 F.3d 422, 424 (7th Cir. 2019) (citation omitted).

It is difficult to argue against a standard that has existed since 1912, even when the law has had little opportunity to address every factual scenario that might present a question of validity under a state's worker's compensation law, including a constitutional question like that presented here. In truth, though at times creative, Schneider argues against the law more than it applies it in justifying its removal. Merely pointing to diversity jurisdiction under 28 U.S.C. § 1332 is in the end unconvincing when Congress passed § 1445(c) in part to reduce diversity removals. *See Spearman*, 16 F.3d at 724. That said, unconvincing doesn't mean objectively unreasonable. Schneider had an objectively reasonable basis for removal (diversity jurisdiction) but another federal statute—specific to what in truth is a rather unique and atypical case—superseded its general right. It is telling that no one offers a single case across the country in over 100 years since this standard has existed that addresses the unique case presented today. Just because one loses from an unconvincing position doesn't mean that the position wasn't objectively reasonable. This case must be remanded, albeit without fees.

Accordingly, the court GRANTS the motion to remand [12], DENIES an award of attorney fees and costs [12], DENIES AS MOOT the motion to intervene [23] and motion to dismiss [24] filed by the State of Indiana, and REMANDS the case to the Miami Circuit Court.

SO ORDERED.

January 25, 2024                                           s/ *Damon R. Leichty*
                                                                                   Judge, United States District Court